GILMAN, J.,
concurring.
I fully concur with the lead opinion in this case, which holds that we lack interlocutory jurisdiction over this appeal. For the potential benefit of the parties in ultimately resolving this case, however, I write separately to express my doubts regarding the propriety of the sanctions order imposed by the district court. As an initial matter, the Sixth Circuit has repeatedly cautioned against imposing sane- *406 tions on civil rights plaintiffs because the freewheeling imposition of sanctions might chill future meritorious lawsuits. See, e.g., Gamer v. Cuyahoga Cnty. Juvenile Ct., 554 F.3d 624, 635 (6th Cir.2009) (“[Awarding attorney fees against a nonprevailing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.”) (internal quotation marks omitted). Similarly, imposing sanctions on attorneys pursuant to 28 U.S.C. § 1927 should be limited to instances involving serious misrepresentations or vexatious litigation tactics, neither of which appear to be present here. See Jones v. Cont’l Corp., 789 F.2d 1225, 1230 (6th Cir.1986) (discussing § 1927 sanctions).
The sanctions strike me as particularly inappropriate because of the severe time constraints imposed on the plaintiffs by the district court’s timing of its own orders. Although the discovery cutoff date was June 17, 2011, the court did not issue its order regarding the commencement date for backpay until July 13, 2011, almost a month after the close of discovery and less than two weeks before the damages phase of the trial began. This order, which set April 5, 2007 as the start date for the award of backpay instead of the year 2005, required the plaintiffs to revisit their calculation of damages. The Carr method, unlike the Snyder method, contained the correct start date for backpay and used a gross-up methodology to more accurately calculate the backpay due the firefighters. Given these time constraints, the conduct of the firefighters’ counsel looks less egregious.
The last-minute determination of the start date also makes the district court’s characterization of the actions by the firefighters’ counsel as a “bait and switch” tactic appear overwrought. True enough, the district court’s frustration with the seemingly interminable nature of this seven-year-old case is understandable. See United States v. Hastings, 847 F.2d 920, 923 (1st Cir.1988) (“[JJustice delayed is justice denied.”). But the computation of damages in this case does not appear to require anything more sophisticated than the underlying payroll data, a grasp of arithmetic, and an Excel spreadsheet. The relative ease with which damages can be calculated is best evidenced by the fact that two non-experts, Snyder and Carr, devised the competing methods for calculating them.
Also troubling is the fact that neither party in this case has clean hands. The City, for its part, improperly attempted to relitigate the merits of the case during the damages phase. Moreover, as the lead opinion points out, the City resisted producing its damages calculations during discovery. Yet the City, unlike counsel for the firefighters, received only a comparative “slap on the wrist” from the district court for its bad behavior. Neither the City’s conduct nor that of the firefighters’ counsel should be condoned, but the firefighters’ attorneys appear to have been disproportionately penalized by the court.
Finally, the amount of the sanctions award seems to bear little relationship to the harm, if any, caused by the switch. Instead of reimbursing the City only for the costs incurred in redeposing the plaintiffs in June 2011, the district court totaled all of the City’s fees and costs from January 2011 until July 2011 and then reduced the total by half. This lack of precision in isolating the harm allegedly caused by the conduct of the firefighters’ counsel does not pass muster under 28 U.S.C. § 1927. See Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir.1997) (noting that the “sanction must bear a financial nexus to the excess proceedings”). For all of these reasons, the sanctions award *407 strikes me as an unjustified overreaction by the district court.